IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DREJONA THOMAS, *et al.*, ) | |
| Plaintiffs, ) | Civil Action No. 24-cv-00763-LKG |
| v. ) | Dated: February 27, 2025 |
| ADVANCE STORES COMPANY, INC., ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

## I. INTRODUCTION

In this employment discrimination case, the Plaintiffs, Drejona Thomas and Daija Dunston, allege that the Defendant, Advance Stores Company, Inc. ("Advance Stores"), discriminated and retaliated against them upon the basis of sex, in violation of the Maryland Fair Employment Practices Act ("MFEPA"), Md. Code Ann. §§ 20-601 *et seq.*, and the Montgomery County Code, § 27-1 *et seq.* ("Chapter 27"). ECF No. 8. Advance Stores has moved for summary judgment on the Plaintiffs' claims, pursuant to Fed. R. Civ. P. 56. ECF Nos. 27 and 27-1. The motion is fully briefed. ECF Nos. 27, 27-1, 30 and 35. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court: (1) **GRANTS** the Defendant's motion for summary judgment; and (2) **DISMISSES** the amended complaint **WITH PREJUDICE**.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

### A. Factual Background

In this employment discrimination matter, the Plaintiffs allege discrimination and retaliation claims upon the basis of sex, against Advance Stores, pursuant to Chapter 27 and the MFEPA. ECF No. 8. Specifically, the Plaintiffs assert the following four claims in the

---

[1] The facts recited in this memorandum opinion are taken from the amended complaint, the Defendant's motion for summary judgment and memorandum in support thereof, and the Plaintiffs' response in opposition thereto. ECF Nos. 8, 27, 27-1 and 35.

amended complaint: (1) sex discrimination-Montgomery County Code § 27-19 (Count I); (2) sex discrimination-MFEPA §§ 20-601 *et seq*. (Count II); (3) retaliation-Montgomery County Code § 27-19 (Count III); and (4) retaliation-MFEPA §§ 20-601 *et seq*. (Count IV). *Id*. at ¶¶ 60-78. As relief, the Plaintiffs seek, among other things, back pay, benefits, front pay and reasonable attorney's fees and costs. *Id*. at Prayer for Relief.

The Parties

Plaintiff Drejona Thomas is a Maryland resident and she previously worked for Advance Stores as a sales representative. *Id.* at ¶¶ 3 and 6.

Plaintiff Daija Dunston is a Maryland resident and she previously worked for Advance Stores as a sales representative. *Id*. at ¶¶ 4 and 6.

Defendant Advance Stores, doing business as Advance AutoParts, Inc., owns and operates a store located at 2722-2724 Pittman Drive, Silver Spring, MD 20910, and is headquartered in Raleigh, North Carolina. *Id*. at ¶ 5; ECF No. 1-1.

The Plaintiffs' Employment History And Allegations

The facts in this case are largely undisputed and are as follows. The Plaintiffs, Drejona Thomas and Daija Dunston, are sisters and they previously worked for Advance Stores as sales representatives. ECF No. 8 at ¶ 6. Ms. Thomas was employed by Advance Stores from July 2022 to November 2022. *Id*. at ¶¶ 6 and 53. Ms. Dunston was employed by Advance Stores from July 2022 to June 2023. *Id*. at ¶¶ 6 and 59.

The Plaintiffs allege in this action that they were repeatedly harassed, and discriminated and retaliated against, by their supervisor, Brian Brooks, while working at an Advance Stores located in Silver Spring, Maryland. *Id*. at ¶ 8. Specifically, the Plaintiffs allege that Mr. Brooks, among other things: (1) followed them around the store and asked to see pictures of them on their phones; (2) commented on what they were wearing; (3) asked them to sit on his lap; (4) discussed his sex life in graphic detail with them; and (5) told them that he could not wait to fire them and break up with his girlfriend, so that he could take them out on dates. *Id.* at ¶¶ 11, 12, 13, 15, 18, 26 and 27. In this regard, the Plaintiffs allege that Mr. Brooks "began his harassment" of them by discussing his girlfriend "in ways that made the feel uncomfortable." *Id*. at ¶ 9. The Plaintiffs further allege that Mr. Brooks "continued to make unwelcome advances" towards Ms. Thomas by inviting her on trips, during which he would often ask her what she did over the weekend. *Id*. at ¶ 12.

In addition, the Plaintiffs allege that Mr. Brooks retaliated against Ms. Thomas by: (1) scheduling her to work on days that Ms. Thomas had communicated she would be unavailable to work when she was hired, due to her obligations to care for her mother; (2) cutting her hours more and more each week; and (3) eventually removing Ms. Thomas from the schedule on September 11, 2022, telling her that she would be put back on the schedule when there were more evening shifts available because "every time it's a morning or midday shift, you're late." *Id*. at ¶¶ 20-23. In this regard, the Plaintiffs allege that Ms. Thomas contacted Advance Stores' human resources department to report that she was having issues with Mr. Brooks on September 14, 2022, and that she provided a human resources representative with screenshots of certain text messages that she received from Mr. Brooks. *Id*. at ¶ 33. The Plaintiffs also allege that they jointly went to Advance Stores' human resources department at the end of September 2022, to provide statements regarding Mr. Brooks' alleged sexual harassment. *Id*. at ¶¶ 34 and 36. The Plaintiffs contend that, after their report to human resources, Advance Stores informed them that one of the Plaintiffs would have to transfer to another store, because it was against the company policy to have family members work together at the same store. *Id*. at ¶ 40.

Lastly, the Plaintiffs allege that Advance Stores constructively discharged Ms. Thomas in or around November 2022, by failing to process her transfer. *Id*. at ¶¶ 53-55. The Plaintiffs also allege that Ms. Dunston's employment was terminated in June 2023, because she told a co-worker about the harassment that she experienced from Mr. Brooks. *Id*. at ¶¶ 56-59. And so, the Plaintiffs seek to recover, among other things, back pay, benefits, front pay and reasonable attorney's fees and costs from Advance Stores. *Id*. at Prayer for Relief.

**B.    Procedural History**

The Plaintiffs originally brought this case in the Circuit Court for Montgomery County, Maryland on February 1, 2024. *See* ECF No. 1-13. On March 14, 2024, the Defendant removed the case to this Court. ECF No. 1.

On March 21, 2024, the Plaintiffs filed an amended complaint. ECF No. 8. On August 20, 2024, the Defendant filed a motion for summary judgment, pursuant to Fed. R. Civ. P. 56, and a memorandum in support thereof. ECF Nos. 27 and 27-1.

On September 16, 2024, the Plaintiffs filed a response in opposition to the Defendant's motion for summary judgment. ECF No. 30. On October 1, 2024, the Defendant filed a reply brief. ECF No. 35.

The Defendant's motion for summary judgment having been fully briefed, the Court resolves the pending motion.

## III.   LEGAL STANDARDS
### A.  Rule 56

A motion for summary judgment filed pursuant to Fed. R. Civ. P. 56 will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  And so, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co., Inc. v. Cameo Props*., 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co., Ltd*., 601 F.2d 139, 141 (4th Cir. 1979).

When ruling on a motion for summary judgment, the Court must construe the facts alleged in the light most favorable to the party opposing the motion.  *See United States v. Diebold*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co*., 773 F.2d 592, 595 (4th Cir. 1985).  In this regard, the moving party bears the burden of showing that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Catawba Indian Tribe of S.C. v. State of S.C*., 978 F.2d 1334, 1339 (4th Cir. 1992), *cert. denied*, 507 U.S. 972 (1993).  But, a party who bears the burden of proof on a particular claim must also factually support each element of his or her claim.  *See Celotex Corp*., 477 U.S. at 322-23.  Given this, "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Id*. at 323.  And so, on those issues on which the nonmoving party will have the burden of proof, it is the nonmoving party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial.  *See Anderson*, 477 U.S. at 256.  In this regard, the United States Court of Appeals for the Fourth Circuit has held that, "[a] mere scintilla of evidence in support of the nonmovant's position will not defeat a motion for summary judgment." *Detrick v. Panalpina, Inc*., 108 F.3d 529, 536 (4th Cir. 1997).  And so, there must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

4

### B. The MFEPA

The Maryland Fair Employment Practices Act ("MFEPA") prohibits harassment, discrimination and retaliation in the workplace. §§ 20-601 *et seq*. This Court has held that the MFEPA "is the state law analogue of Title VII," the federal law permitting plaintiffs to bring employment discrimination claims. *Alexander v. Marriott Int'l, Inc*., No. 09-2402, 2011 WL 1231029, at *6 (D. Md. Mar. 29, 2011). Given this, "Maryland courts 'traditionally seek guidance from federal cases in interpreting [the MFEPA].'" *Eubanks v. Mercy Med. Ctr., Inc.*, WDQ-15-512, 2015 WL 9255326, at *7 (D. Md. Dec. 17, 2015) (citing *Haas v. Lockheed Martin Corp.*, 914 A.2d 735, 742 (Md. 2007). And so, the MFEPA adopts the same substantive standards and burden of proof as Title VII. *Limes v. American Fed'n of State Cnty. & Mun. Emps. Union (Local 2250)*, No. PX-19-03225, 2020 WL 1914806 at *2 (citing *Brennan v. Deluxe Corp*., 361 F. Supp. 3d 494, 498 n.2 (D. Md. 2019)); *accord Chappell v. Southern Maryland Hosp.,* Inc., 578 A.2d 766, 772 (Md. 1990) (explaining that Maryland courts read state MFEPA provisions "in harmony" with federal Title VII provisions, and look to federal court decisions interpreting Title VII).

Under the MFEPA, "a complainant may bring a civil action . . . alleging an unlawful employment practice, if: (1) the complainant initially filed a timely administrative charge . . .; (2) at least 180 days have elapsed since the filing . . .; and (3) the civil action is filed within 2 years after the alleged unlawful employment practice occurred." Md. Code State Gov't. § 20-1013(a). Given this, the MFEPA requires that a plaintiff file an administrative complaint with the Maryland Commission on Civil Rights (the "Commission") before filing suit in this Court. *Id*. And so, the MFEPA requires that a plaintiff exhaust their administrative remedies before filing a lawsuit. *Bush v. Frederick Cnty. Pub. Sch*., No. 23-1127, 2024 WL 639255, at *3 (4th Cir. Feb. 15, 2024). This "exhaustion requirement ensures that the employer is put on notice of the alleged violations so that the matter can be resolved out of court if possible." *Miles v. Dell, Inc*., 429 F.3d 480, 491 (4th Cir. 2005).

The MFEPA also contains statute of limitations for claims brought under the statute. An administrative complaint alleging an unlawful employment practice other than harassment (*i.e.*, discrimination or retaliation) must be filed with the Commission within 300 days of the date of the act alleged. Md. Code Ann., State Gov't § 20-1004(c)(2)(i); *see also Gibson v. Md. Motor Vehicle Admin*., No. BAH-20-3220, 2024 WL 51132, at *11 (D. Md. Jan. 4, 2024). An

5

administrative complaint alleging harassment must be filed with the Commission within two years of the date of the alleged harassment. Md. Code Ann., State Gov't § 20-1004(c)(3)(i); *see also Gibson*, 2024 WL 51132, at *11. "Timeliness requirements for an action alleging employment discrimination are to be strictly enforced." *Tangires v. Johns Hopkins Hosp.*, 79 F. Supp. 2d 587, 597 (D. Md. 2000), *aff'd*, 230 F.3d 1354 (4th Cir. 2000) (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)). And so, this Court has held that the Court may dismiss a suit with prejudice, when a plaintiff has failed to exhaust a claim and cannot timely file an administrative complaint to cure the procedural defect in their case. *Ibrahim v. Starbucks Corp.*, No. 8:22-CV-02545-PX, 2023 WL 4490370, at *3 (D. Md. July 12, 2023).

### C. Chapter 27 Of The Montgomery County Code

Lastly, Chapter 27 of the Montgomery County Code prohibits qualifying employers from acts of discrimination, harassment and retaliation. Mont. Cnty. Code § 27. Chapter 27 provides two avenues for relief for any person discriminated against in violation of the Chapter: (1) an employee may seek administrative relief by filing a complaint with the Director of the Office of Human Rights, Mont. Cnty. Code § 27-7; and (2) an employee may seek relief by pursuing a civil action under Maryland law, Mont. Cnty. Code § 27-9(a). Like claims brought under the MFEPA, Maryland courts have found that claims brought under § 27-19 must be exhausted prior to filing suit in civil court. *See Montgomery County v. Broadcast Equities, Inc.*, 758 A.2d 995, 1008 (2000) (dismissing a Chapter 27 complaint for failure to exhaust administrative remedies); *Sillah v. Burwell*, 244 F. Supp. 3d 499, 506 (D. Md. 2017) ("[Chapter 27 claims] are governed by the exhaustion requirements and filing procedures applicable to Title VII claims against federal employers"); *Stovall v. DeTuno*, No. CV DKC 2006-3094, 2007 WL 9782578, at *3 (D. Md. Dec. 10, 2007).

Claims under Chapter 27 are also subject to a statute of limitations. And so, a complaint must be filed within one year of the alleged discriminatory act or practice, or within one year of the most recent act or practice, if the acts or practices are continuing in nature. Mont. Cnty. Code § 27-7(d).

### IV. ANALYSIS

Advance Stores has moved for summary judgment in its favor on the Plaintiffs' employment discrimination and retaliation claims, pursuant to Fed. R. Civ. P. 56, upon the

6

grounds that: (1) the undisputed material facts show that the Plaintiffs failed to administratively exhausted their MFEPA and Chapter 27 claims before bringing this civil action, and (2) the Plaintiffs' claims should be dismissed with prejudice, because they are now time-barred. ECF No. 27-1 at 4-10. And so, Advance Stores requests that the Court enter judgment summarily in their favor and dismiss the amended complaint with prejudice. *Id*. at 10-11.

In their response in opposition to Advance Store's motion, the Plaintiffs acknowledge that they have not administratively exhausted the claims in this case. *See* ECF No. 30 at 2. But the Plaintiffs argue that the Court should not dismiss these claims with prejudice, because they assert sexual harassment claims in this case that are not time-barred. ECF No. 30 at 3-4. And so, the Plaintiffs request that the Court dismiss their claims without prejudice, so that they can cure the procedural defect in this case. *Id.* at 4.

For the reasons that follow, the undisputed material facts make clear that the Plaintiffs have failed to administratively exhaust the discrimination and retaliation claims asserted in the amended complaint. The undisputed material facts also show that the Plaintiffs cannot cure this defect, because their claims are time-barred. Lastly, a careful reading of the amended complaint also shows that the Plaintiffs have not asserted a sexual harassment claim under the MFEPA in the amended complaint. And so, the Court: (1) GRANTS the Defendant's motion for summary judgment; and (2) DISMISSES the amended complaint WITH PREJUDICE.

      A.      **The Plaintiffs' Claims Are Unexhausted And Must Be Dismissed**

As an initial matter, there is no dispute that the Plaintiffs failed to administratively exhaust the discrimination and retaliation claims alleged in the amended complaint before commencing this matter. *See* ECF No. 27-1 at 4-9; *see* ECF No. 30 at 2. Both the MFEPA and Chapter 27 of the Montgomery County Code require that the Plaintiffs exhaust their administrative remedies before filing this matter. Md. Code State Gov't. § 20-1013(a) (requiring that a "complainant initially file[] a timely administrative charge"); *see Bush*, 2024 WL 639255, at *3 ("[The MFEPA] require[s] a plaintiff alleging employment discrimination to exhaust administrative remedies before filing their lawsuit); *see Broadcast Equities*, 758 A.2d at 1008 (dismissing a complaint bringing claims under Chapter 27 for failure to exhaust); *Sillah*, 244 F. Supp. 3d at 506 ("[Chapter 27 claims] are governed by the exhaustion requirements and filing procedures applicable to Title VII claims against federal employers"); *Stovall*, 2007 WL

9782578, at *3.  Given this, the Court must DISMISS the Plaintiffs' claims for failure to exhaust administrative remedies.

Advance Stores also argues with persuasion that the Court should dismiss the Plaintiffs' claims with prejudice, because the claims are time-barred.  As this Court has recognized, a civil suit must be dismissed with prejudice, when the plaintiff cannot timely file an administrative complaint to cure the procedural defect in their case.  *Ibrahim*, WL 4490370, at *3.

In this case, the Plaintiffs assert sex discrimination and retaliation claims under the MFEPA and Chapter 27 in the amended complaint.  ECF No. 8 at ¶¶ 60-78.  Notably, the allegations in the amended complaint make clear that last alleged discriminatory or retaliatory action taken against Ms. Thomas occurred in or around November 2022, when she was constructively discharged.  *Id*. at ¶¶ 53-55.  The amended complaint also makes clear that the last alleged discriminatory or retaliatory action taken against Ms. Dunston occurred in June 2023, when her employment was terminated.  *Id*. at ¶¶ 58-59.  The MFEPA requires that the Plaintiffs file such claims with the Commission within 300 days of the date of the act alleged.  Md. Code Ann., State Gov't § 20-1004(c)(2)(i); *see also Gibson*, 2024 WL 51132, at *11.  Chapter 27 similarly requires that the Plaintiffs file an administrative complaint for such claims "within one year of the alleged discriminatory act or practice."  Mont. Cnty. Code § 27-7(d).

Because the amended complaint makes clear that more than one year has elapsed since the last alleged discriminatory or retaliatory acts or practices occurred, the Plaintiffs' discrimination and retaliation claims are time-barred.  And so, the Plaintiffs cannot cure the procedural defect impairing these claims.

The Plaintiffs argument that the Court should not dismiss their claims with prejudice, because they assert a sexual harassment claim under the MFEPA in the amended complaint, is also unconvincing.  As the Plaintiffs correctly observe, the MFEPA requires that an administrative complaint alleging harassment be filed with the Commission within two years of the date of the alleged harassment.  Md. Code Ann., State Gov't § 20-1004(c)(3)(i); *see also Gibson*, 2024 WL 51132, at *11.  Given this, the Plaintiffs could conceivably cure the defect related to any sexual harassment claim alleged by Ms. Dunston, by filing an administrative complaint.

But the difficulty with the Plaintiffs' argument is that they do not actually allege a sexual harassment claim under the MFEPA in the amended complaint.[2]  ECF No. 8 at ¶¶ 65-68 and 74-78.  Rather, the Plaintiffs allege a sex discrimination claim and a retaliation claim, which are different and distinct causes of action.  *Id*.; *compare* Md. Code Ann., State Gov't § 20-606(a)(1) *and* Md. Code Ann., State Gov't § 20-606(f) *with* Md. Code Ann., State Gov't § 20-606(a)(5).  Given this, the Plaintiffs have not shown that they can rectify the deficiencies concerning the claims asserted in the amended complaint.  And so, the Court DISMISSES the amended complaint WITH PREJUDICE.

## V.  CONCLUSION

In sum, the Plaintiffs have failed to administratively exhaust the discrimination and retaliation claims asserted in the amended complaint and they cannot cure this defect, because their claims are time-barred.  And so, for the foregoing reasons, the Court:

(1) **GRANTS** the Defendant's motion for summary judgment; and

(2) **DISMISSES** the amended complaint **WITH PREJUDICE.**

A separate Order shall issue.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

---

[2] The Court also observes that the Plaintiffs were previously afforded the opportunity to amend the complaint and that they did not amend the complaint to assert a sexual harassment claim under the MFEPA.  *See* ECF No. 2; ECF No. 8.  The Plaintiffs' argument that the doctrine of res judicata requires that the Court dismiss their claims without prejudice also lacks legal support.